UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED FINANCIAL CASUALTY COMPANY,

Plaintiff,

v.

HWH EXPRESS INC., et al.,

Defendants.

Case No.  25-cv-07842-TSH

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR SERVICE BY PUBLICATION**

Re: Dkt. No. 21

## I.    INTRODUCTION

This is an insurance coverage lawsuit in which Plaintiff United Financial Casualty Company (UFCC) seeks a judicial declaration that it has no obligation to provide coverage for or defend against any claims arising out of a January 29, 2023 trucking accident in Oklahoma. Pending before the Court is UFCC's motion to permit service by publication on Defendants Wenkang Yuan, Jun Lin, Huijuan Gao, and Zhengwei Song.  ECF No. 21.  No opposition has been received.  The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the March 12, 2026 hearing.  For the reasons stated below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## II.    BACKGROUND

UFCC is an insurance company that insured Defendant HWH Express Inc. under commercial auto policy no. 08320500-4, which was issued to meet the needs of HWH Express's interstate trucking business.  First Am. Compl. ¶¶ 10-11, ECF No. 8.

UFCC alleges that on January 29, 2023, Defendant Zhengwei Song and a co-driver were operating a power unit-trailer combo, which was owned, leased, rented, and/or operated by or on behalf of HWH Express, on a route from California to Georgia.  *Id.* ¶ 25.  While driving, the co-

driver lost control in Oklahoma and the combination rolled over. *Id.* Song, who was in the sleeper berth, claims he sustained injuries as a result. *Id.* ¶¶ 25-26. On October 30, 2023, Song filed a lawsuit in Alameda County Superior Court, case no. 23CV049209, against HWH Express, Old Pal Transportation Inc., and individual Defendants Yuan, Lin and Gao, seeking to recover more than $75,000 in damages. *Id.* ¶¶ 27-28. UFCC alleges that under 49 C.F.R. § 390.5, Song was an employee of HWH, Old Pal Transportation Inc, Yuan, Lin, and/or Gao, and that all of Song's injury arose out of employment-related practices. *Id.* ¶¶ 29-30.

UFCC filed this case on September 15, 2025. ECF No. 1. It filed the operative First Amended Complaint on October 3, 2025, naming HWH Express, Old Pal Transportation, Yuan, Lin, Gao, and Song as defendants. UFCC alleges Song intends to collect on any judgment entered in the state court case by, among other things, (1) filing suit against UFCC under California Insurance Code section 11580(b)(2), which gives a judgment creditor a statutory right to enforce certain liability insurance covering the judgment debtor insured(s), and/or (2) filing suit against UFCC as an assignee of any rights the named defendants claim under the UFCC policy after receiving such an assignment in return for agreeing to seek enforcement of the judgment only as against UFCC. First Am. Compl. ¶ 31. UFCC contends an actual controversy exists and seeks declarations that it owes no duty to indemnify or defend the defendants.

After UFCC served HWH Express and Old Pal Transportation, neither responded, so UFCC filed default requests with the Clerk of Court. ECF Nos. 12, 14, 17. The Clerk entered HWH Express's default on December 1, 2025, ECF No. 18, but has not yet acted on the request as to Old Pal Transportation.

UFCC states it first attempted to have the individual defendants served at addresses obtained through the insurance claims process or through their known attorneys of record in the state court injury lawsuit. Howe Decl. ¶¶ 3–5, ECF No. 21-2. As to Defendants Yuan and Lin, Plaintiff had a last known address on Pepper Street in Castro Valley, California. *Id.* ¶ 3. Plaintiff's counsel hired a process server, First Legal, to effect service on both defendants at the Pepper Street address, but neither could be served there. *Id.* & Exs. 1-2.

As to Defendant Gao, Plaintiff attempted service at a last known address on 81st Ave. in

United States District Court
Northern District of California

Oakland, California, but it was unable to complete service there. *Id.* ¶ 4 & Ex. 3. Plaintiff also states that an individual at the premises told the process server it was unknown if Gao was actually located at the address. *Id.* ¶ 4.

After these service attempts failed, UFCC hired an investigator, who conducted skip traces to locate alternative addresses for Yuan, Lin, and Gao. *Id.* ¶ 6. The investigator located a single address for all three defendants on Berdina Rd. in Castro Valley, California, but attempts to serve the defendants at this address proved unsuccessful. *Id.* & Exs. 5-7.

As to Defendant Song, on October 9, 2025, Plaintiff's counsel sent an email to his attorney in the state court action, advising him of this case and that his client was a named defendant. *Id.* Plaintiff's counsel inquired whether Song, through counsel, would be willing to waive service, but the attorney did not respond. *Id.* ¶ 5 & Ex. 4. On October 27 Plaintiff's counsel followed up with an email to his attorney. *Id.* ¶ 7 & Ex. 8. After he did not hear back, Plaintiff instructed its process server to serve Song at the last known address it had for him on North Moore Avenue in Monterey Park, California. *Id.* ¶ 7. Multiple attempts were made to serve Song at this address, but all proved unsuccessful. *Id.* & Ex. 9.

UFCC filed the present motion on January 29, 2026, seeking leave to serve Defendants Yuan, Lin, Gao by publication in the East County Times/East Bay Times, and to serve Defendant Song in the Los Angeles Times.

### III.   LEGAL STANDARD

Service upon an individual defendant in a judicial district of the United States may be effected pursuant to the state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Under California law, service by publication is permissible when:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a). The key inquiry is whether a defendant cannot with "reasonable diligence" be served by another available method. *Felix v. Anderson*, 2015 WL 545483, at *2

(N.D. Cal. Feb. 9, 2015).

To determine whether a plaintiff has exercised reasonable diligence, a court must examine the affidavit to see whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation omitted).

Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location[.] *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.*

If a party can show reasonable diligence, they must also show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The party must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Hale*, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (citing *McNamara v. Sher*, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases).

## IV.    DISCUSSION

### A.    Reasonable Diligence

Although service by publication is a method of last resort, the Court is satisfied that UFCC is unable to serve the individual defendants. *See* Howe Decl. ¶¶ 3-7. While it is conceivable that

4

UFCC could effect service through continued efforts, "the standard requires reasonable diligence, not exhaustive efforts to leave no stone unturned." *Cummings*, 2016 WL 4762208, at *2.  Under these circumstances, the Court finds UFCC has adequately taken ''those steps which a reasonable person who truly desired to give notice would have taken under the circumstances.'' *Donel*, 87 Cal. App. 3d at 333.

**B.      Cause of Action**

Although UFCC has shown reasonable diligence, it has not met the requirement under Civil Procedure Code section 415.50(a)(1) to show that a cause of action exists.  In his declaration, UFCC's counsel states: "The amended pleading contains causes of action for declaratory relief concerning plaintiff 's obligations, if any, to defend and indemnify HWH Express Inc., Old Pal Transportation Inc., Wenkang Yuan, Jun Lin, and Huijuan Gao under an insurance policy plaintiff issued to HWH Express Inc."  Howie Decl. ¶ 2.  However, UFCC has not offered any ''independent evidentiary support, *in the form of a sworn statement of facts*, for the existence of a cause of action against the defendant.''  *Cummings*, 2016 WL 4762208, at *3 (emphasis in original).  "Under California law, service by publication is neither appropriate nor valid without such an affidavit." *Id*. (citing *McNamara*, 2012 WL 760531, at *4); *see also Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (The statute ''on its face permits such showing to be made only by affidavit.''; setting aside a judgment where service by publication had been based on facts presented in a verified complaint rather than an affidavit); *Robinson v. Gonzalez*, 2025 WL 372105, at *3 (N.D. Cal. Feb. 3, 2025) (denying without prejudice motion for service by publication where plaintiff submitted a declaration attesting to the efforts taken to locate and serve the defendant but failed to include a sworn statement of facts for the existence of a cause of action) (citing *Cummings*, 2016 WL 4762208, at *3).  UFCC's motion is therefore **DENIED WITHOUT PREJUDICE** to a renewed motion properly supported by an affidavit.

### V.   CONCLUSION

Plaintiff's motion for service by publication is **DENIED WITHOUT PREJUDICE** for failure to provide an affidavit of facts evincing a cause of action.  Plaintiff may file a renewed motion for service by publication, which may incorporate by reference its previous filings

demonstrating diligence.

**IT IS SO ORDERED.**

Dated: February 17, 2026

THOMAS S. HIXSON
United States Magistrate Judge